KAHUI *et al vs.* LAUKI *et al.*

EXCEPTIONS TO RULINGS OF MCCULLY, J.

OCTOBER TERM, 1885.

JUDD, C. J.; MCCULLY and PRESTON, JJ.

At the trial of an action of ejectment Defendants put in a defense of adverse possession: plaintiffs produced evidence in rebuttal: defendants then, under plaintiffs' objections, were allowed to bring testimony contradicting plaintiffs' evidence in rebuttal.

Held there was no ground for plaintiffs' objections, for the evidence did not seek to establish new facts, but to contradict testimony for plaintiffs, which could not have been anticipated by the defense.

Exceptions overruled.

OPINION OF THE COURT, BY PRESTON, J.

THIS is an action of ejectment and was tried at the last July term before McCully J. and a Hawaiian jury, when a verdict was returned for the defendants.

The plaintiffs at the trial made out a *prima facie* case, showing the legal title of the land in question to have been in one Kimo, and that they were his heirs.

The defendants called several witnesses, among them one Lahaina, in order to prove title by adverse possession.

The plaintiffs, in rebuttal, put in evidence showing that the plaintiff Kahui had exhibited the Royal Patent (to his ancestor) of the land, in the presence of the defendant Lauki, at a meeting of the hui of Wainiha, Kauai, and claimed the land, and the defendant, although seeing it, did not demur thereto or mention any claim of his own to the land. The plaintiff Kahui also testified that he had taken taro from the land in 1875, while on a visit to Wainiha, under a claim of right, with the assent of the defendant.

The defendants then tendered the following evidence, which was objected to on behalf of the plaintiffs as incompetent, irrelevant and inadmissible at that stage of the case. The evidence was admitted by the Court, to which the plaintiffs excepted :

Lahaina (recalled)—"I was present at the meeting of the hui of Wainiha when those owning kuleanas were called on to exhibit their papers therefor. Kimo did not exhibit his Patent on that occasion; only Kaleikini exhibited a Patent."

Lauki sworn—"I never knew Kahui to take taro from my land. He never asked me for any taro, and I never gave him any."

Counsel, on the hearing of the bill of exceptions, contended that when a defendant claims by adverse possession it is incumbent upon him to put in his whole case, to which he cannot add or take from after it is in. His case is then closed by all rules of practice and customs of courts, and he is not at liberty to contradict the evidence in rebuttal of the plaintiff. If the matter is in the discretion of the Court, then the Court wrongly exercised its discretion. The plaintiffs were prejudiced by the admission of the evidence objected to, for if they could have foreseen that this evidence would have been admitted they would greatly have strengthened their case in rebuttal by other and further evidence, but were misled by the idea that they had the last say, and put in their case accordingly.

BY THE COURT: The Court is not responsible for the manner in which parties conduct their case. We think there is no ground for the objections taken by plaintiff. The evidence objected to is, in our opinion, clearly admissible. The plaintiffs did not cross-examine the witness Lahaina as to what took place at the meeting of the hui, which they might have done, but apparently relied upon their supposed right to shut out further testimony. The evidence was admitted in contradiction of two statements made on behalf of plaintiffs, and we think a great injustice would have been done to the defendants had it been rejected. The evidence did not seek to establish new facts, which would not have been admissible, but merely contradicted statements made on behalf of the plaintiffs, which could not have been anticipated by the defense.

The exceptions are therefore overruled.

*Kinney & Peterson*, for plaintiffs.

*J. M. Poepoe*, for defendants.

Honolulu, October 28, 1885.